*IT IS SO ORDERED*
*Judge James Ware*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re AFFYMETRIX DERIVATIVE LITIGATION | ) No. C-06-05353-JW ) ) [PROPOSED] ORDER AND FINAL ) JUDGMENT |
| This Document Relates To: | ) ) |
| ALL ACTIONS. | ) ) |

This matter came before the Court for hearing pursuant to the Order of this Court, dated May 6, 2009 ("Order"), on the application of the parties for approval of the proposed settlement ("Settlement") set forth in the Stipulation of Settlement dated April 29, 2009, and the exhibits thereto (the "Stipulation");

The Court has reviewed and considered all documents, evidence, objections (if any) and arguments presented in support of or against the Settlement; the Court being fully advised of the premises and good cause appearing therefore, the Court enters this Order and Final Judgment.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Federal Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties.

3. The Court finds that the Notice provided to Affymetrix shareholders constituted the best notice practicable under the circumstances. The Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

4. The Court finds that, during the course of the litigation of the Actions, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and all other similar laws, including California Code of Civil Procedure §128.7.

5. The Court finds that the terms of the Stipulation and Settlement are fair, reasonable and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

6. The Federal Action and all claims contained therein as well as all of the Released Claims, are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. Upon the Effective Date, as defined in the Stipulation, Affymetrix, Plaintiffs (acting on their own behalf and derivatively on behalf of Affymetrix), the SLC and each of Affymetrix's

shareholders (solely in their capacity as Affymetrix shareholders) shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Claims against the Released Persons and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with, the defense, settlement or resolution of the Actions against the Released Persons, provided that nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

8.     Upon the Effective Date, as defined in the Stipulation, each of the Released Persons and the SLC shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Actions or the Released Claims.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

9.     The Court hereby approves the Fee and Expense Award in accordance with the Stipulation and finds that such fee is fair and reasonable.

10.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Settling Parties; or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal or administrative.  The Released Persons may file the Stipulation and/or this Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or

1  counterclaim; and any of the Settling Parties may file the Stipulation and documents executed
2  pursuant and in furtherance thereto in any action to enforce the Settlement.
3      11.    Without affecting the finality of this Order and Final Judgment in any way, this Court
4  hereby retains continuing jurisdiction with respect to implementation and enforcement of the terms
5  of the Stipulation.
6      12.    In the event that the Settlement does not become effective in accordance with the
7  terms of the Stipulation, this Order and Final Judgment shall be vacated, and all Orders entered and
8  releases delivered in connection with the Stipulation and this Order and Final Judgment shall be null
9  and void, except as otherwise provided for in the Stipulation.
10      13.    This Order and Final Judgment is a final, appealable judgment and should be entered
11  forthwith by the Clerk in accordance with Rule 58, Federal Rules of Civil Procedure.
12      IT IS SO ORDERED.  The Clerk shall file this file.
13  DATED: June 30, 2009

_____
THE HONORABLE JAMES WARE
UNITED STATES DISTRICT JUDGE